IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 4:15-cr-300 JLH |
| | ) | |
| THEODORE E. SUHL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect law enforcement, confidential human sources, privacy, and information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d), ORDERED:

1. Any and all discovery materials that the government produces to defendant or that the defendant produces to the government shall be reviewed in this matter by only (i) the defendant, (ii) his attorneys of record, (iii) the attorneys of record for the government and their supervisors, (iv) employees reporting to those attorneys, (v) a photocopying or data processing service to whom it is necessary that defendant show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (vi) witnesses or potential witnesses, and (vii) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter. The defendant shall not disclose the contents of any discovery material provided by the government to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court. The government shall not disclose the contents of any discovery material provided by the defendant except as provided herein, as agreed to by the parties, as the government deems appropriate to another governmental entity in any other criminal,

1

civil, or administrative investigation or proceeding, as required by law, or as further ordered by the Court.

2. Defendant shall use the discovery materials and their contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter and for no other purpose whatsoever. No additional copies of the discovery materials shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, defendant or his attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals and collateral attacks in this matter (if any) are concluded. Nothing in this Order prohibits defense counsel from interviewing witnesses who may be identified in the discovery material without advising the witness of the contents of this Order, provided discovery material is not provided to the witness. Nothing in this Order prohibits the defendant from disclosing any documents that were lawfully in his possession, custody, or control before the commencement of this case to any other person.

3. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identification information, including Federal Rule of Criminal Procedure 49.1; the Privacy Act of 1974, 5 U.S.C. § 552a; 42 U.S.C. § 1306; or other privacy protections. The parties shall not file personal identification information with, or submit such information to the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

4. The parties shall also comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing of any discovery material or transcripts containing personally

identifiable or sensitive information, including but not limited to: (i) social security numbers, (ii) names of minor children, (iii) dates of birth, and (iv) financial account numbers. The parties shall also apply the requirements of Federal Rule of Criminal Procedure 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party witnesses or potential witnesses.

5. The parties agree that defendant shall be responsible for controlling all discovery material produced by the United States in this case. The defendant shall be responsible for assuring his own full compliance with this Order as well as the full compliance of any individual or entity preparing and assisting in his defense.

6. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

7. This Order also applies to any and all individuals or entities to whom defendant (to include any and all of his attorneys and agents), pursuant to this Order, shows or discloses the contents or substance of any material produced by the government.

SO ORDERED this 16th day of December, 2015.

J. Leon Holmes
UNITED STATES DISTRICT JUDGE