**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 4:15-cr-00300-BRW** |
| ) | |
| **THEODORE E. SUHL** ) | |
| ) | |

**BRIEF IN SUPPORT OF MOTION FOR A JUDGMENT OF ACQUITTAL**

The Indictment charged Ted Suhl with three counts of honest services wire fraud (Counts 2–4), one count of federal funds bribery (Count 5), one count of conspiracy to commit honest services wire fraud and federal funds bribery (Count 1), and one count of violating the Travel Act (Count 6). The jury acquitted Mr. Suhl of the conspiracy count (Count 1) and one count of honest services wire fraud (Count 3), but it convicted him of the other counts. At trial, however, the government did not adduce sufficient evidence to prove beyond a reasonable doubt that Mr. Suhl committed any of the offenses with which he was charged. Mr. Suhl is entitled to a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure on Counts 2, 4, 5, and 6 of the Indictment.[1]

**ARGUMENT**

**I.     Standards Governing a Motion for a Judgment of Acquittal.**

The Federal Rules of Criminal Procedure require that a district court "<u>must</u> enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[2] The evidence is insufficient if "no rational trier of fact could have found the

---

[1] The defendant will separately move for a new trial, pursuant to Federal Rule of Criminal Procedure 33, before noon of August 22, 2016, in accordance with the briefing schedule set by the Court following the jury verdict. *See* Tr. 978:2–23.

[2] Fed. R. Crim. P. 29(a) (emphasis added).

essential elements of the crime[s] [charged] beyond a reasonable doubt."[3] The evidence is viewed in the "light most favorable to the guilty verdict."[4] The defendant's motion for a judgment of acquittal must be granted and his conviction reversed "if no reasonable juror could have found guilt beyond a reasonable doubt."[5] Because it is the government's burden to prove each element of an offense beyond a reasonable doubt, a failure of proof on any element requires that a judgment of acquittal be granted.[6] While the government "need not exclude every reasonable hypothesis of innocence," where there are innocent explanations for the defendant's conduct that create a reasonable doubt, the government has the burden of negating them.[7]

## II.     The Evidence Was Insufficient to Convict Ted Suhl of Any Count.

Viewing the evidence presented at trial in the light most favorable to the government, it is apparent that "no rational trier of fact could have found the essential elements of" any of the crimes with which Mr. Suhl was charged "beyond a reasonable doubt."[8] The jury itself acquitted

---

[3] *United States v. Stacks*, 821 F.3d 1038, 1043 (8th Cir. 2016).  The same standard of insufficiency of the evidence under Rule 29 applies in district courts and on appeal.  *See id.* (The Court of Appeals "reviews a district court's grant of a judgment of acquittal de novo, applying the same standards as the district court.").

[4] *United States v. Dean*, 810 F.3d 521, 527 (8th Cir. 2015).

[5] *United States v. Conklin*, 750 F.3d 773, 774 (8th Cir. 2014).

[6] *United States v. Inman*, 558 F.3d 742, 748 (8th Cir. 2009) ("[A] conviction may be upheld against a sufficiency challenge where a rational jury could have found, beyond a reasonable doubt, <u>each element of the offense</u> as charged in the jury instructions . . . ." (emphasis added)).

[7] *See United States v. Law*, 528 F.3d 888, 896 (D.C. Cir. 2008) )"[W]hen faced with an innocent explanation sufficiently supported by the evidence to create a reasonable doubt about the defendant's guilt, the Government's burden is to present evidence sufficient to dispel that doubt.").

[8] *Stacks*, 821 F.3d at 1043.

Mr. Suhl of two of the crimes charged (Counts 1 and 3), and the Court should enter a judgment of acquittal as to the remaining counts of the Indictment (Counts 2, 4, 5, and 6).

## CONCLUSION

The evidence at trial was insufficient for a reasonable jury to render any verdict other than acquittal on all of the charges against Mr. Suhl.  The motion for a judgment of acquittal as to Counts 2, 4, 5, and 6 of the Indictment should be granted.

Dated:  July 26, 2016

Respectfully submitted,

By:    /s/ Robert M. Cary
Robert M. Cary
Alex G. Romain
Simon A. Latcovich
Thomas L. Harris
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
rcary@wc.com
aromain@wc.com
slatcovich@wc.com
tharris@wc.com

Charles A. Banks (Bar No. 73004)
BANKS LAW FIRM PLLC
100 Morgan Keegan Dr., #100
Little Rock, AR 72202
Telephone: (501) 280-0100
Facsimile: (501) 280-0166
cbanks@bankslawfirm.us

*Attorneys for Defendant Theodore E. Suhl*